**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RUTHIE BUCKLEY**                                                      **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 1:15cv242-RHW**

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security**                              **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Through counsel, Plaintiff Ruthie Buckley filed this action July 28, 2015, seeking

judicial review under 42 U.S.C. § 405(g) and § 1383(c)(3) of the denial of Buckley's claims for

Social Security disability and Supplemental Security Income benefits.[1]  Buckley asserts error in

the finding that she remained capable of performing work as a housekeeper.  Buckley contends

the finding is insufficient due to the lack of specific record details of her past work as she

performed it, and the lack of specific findings with respect to her past work.  The parties

consented to the exercise of jurisdiction by the United States Magistrate Judge under 28 U.S.C. §

636(c) and FED.R.CIV.P. 73 and the case was reassigned to the undersigned for all further

proceedings.  [12],[13]

<u>Facts and Procedural History</u>

On July 26, 2013, Buckley filed applications for Social Security disability benefits and

supplemental security income, alleging disability since March 29, 2013, at age 53,[2] due to

osteoarthritis, degenerative disc disease, high blood pressure and a heart attack.  [11, pp. 27, 66,

185, 187-192, 226]  The Commissioner denied the applications initially on November 7, 2013

and on reconsideration on December 10, 2013.  [11, pp. 66-81, 82-83, 86-103, 104-105, 110-113,

---

[1]Buckley has been represented by counsel since July 29, 2013.  [11, pp. 108-109, 130-132, 181-84]

[2]Buckley was born in January 1960. [11, p. 46]

116-119]  At Buckley's request, Administrative Law Judge William Wallis conducted a hearing on September 24, 2014, at which Buckley and Vocational Expert Ronald T. Smith testified.  [11, pp. 120-21, 40-65]

Buckley testified she was not married, had a GED, but no driver's license,[3] and that her only job for the last 15 years was as a housekeeper.  She stated she had done no work since her alleged onset of disability, and identified her disabling conditions as osteoarthritis, degenerative disc disease, high blood pressure, and a history of heart attack.[4]  Buckley testified her hands swell, and she cannot work because she can stand for only a few minutes at a time, and it is hard for her to sit for very long.  [11, p. 46-48]  According to Buckley, her arthritis started in her knees, which buckle at times, and she also believes it is in her back; her right hand bothers her more than the left, and she is right-handed.  She testified she uses a walker most of the time at home, and a cane when she goes out,[5] and she has trouble going up the five steps to her house.  She thinks she may have had two more heart attacks for which she did not go to the doctor.[11, 49-51]  She occasionally takes ibuprofen, but stated she has "never been big on taking pills," and has admittedly taken herself off medications prescribed for her.  [11, pp. 51-52]  Buckley rates her pain as 8/10, and testified medications help some; she is usually given percocet.  [11, p. 61]

Buckley estimated she could lift and carry about five pounds across a room, stated it would be a struggle to stand for thirty minutes without a cane, and that she could sit perhaps twenty minutes before having to get up and move around.  She testified that before she quit working, she walked eight miles (four miles each way) to and from work each day, then her

---

[3]Buckley stated she never learned to drive.  [11, p. 242]

[4]Emergency room records indicate "a hx (history) of a MI (myocardial infarction) in 1995, BP 117/80, no end organ damage noted."  [11, p. 70]

[5]According to Buckley, neither the cane nor the walker was prescribed by a doctor.  [11, p. 245]

knees "popped" and she could no longer do it.  Buckley stated she frequently fell when her knees started giving out.  She does not lie down during the day; her most comfortable position is sitting with her feet up.  She cannot crawl, and if she got down on her knees, she would require help getting up; she states she would likely miss work three days a week due to her knees.  [11, pp. 52-55]  Buckley reported her attention span is "great," she has no problem following spoken instructions, dealing with authority figures or changes in routine, and she deals with stress.  [11, pp. 243, 245]

With respect to daily living activities, Buckley testified she lives in her own house, and two grandchildren and her 31-year old daughter live with her.  Her daughter does the grocery shopping and laundry,[6] but Buckley attends to her own personal needs and grooming, such as bathing, fixing her hair, dressing herself.  She no longer cooks regularly,[7] but she tries to do a little cleaning each day.  She cannot sleep through the night due to discomfort, and no longer goes to church because she has "the wrong attitude;" she does not go out to visit family or friends.  [11, pp. 56-60]  Buckley stated she sits and reads most days, goes outside once or twice a day, and talks on the phone daily, but she never goes anywhere.  [11, p. 243-244]

Vocational Expert (VE) Ronald T. Smith testified all Buckley's past relevant employment has been as a housekeeper, DOT # 323.687-014, which is classified as light, unskilled work, SVP (specific vocational preparation) level 2.[8]  The ALJ posed a hypothetical to

---

[6]Buckley has also stated she grocery shops once a month and it takes about an hour, that she can do cleaning, laundry and ironing, and it takes all day to clean her house to her standards once a week. [11, pp. 241-242]

[7]Elsewhere she stated she prepares her own meals daily, can cook a meal on a good day, but "most days it's sandwiches, noodles." [11, p. 241]

[8]SVP level refers to amount of time required for a typical worker to learn how to do the job.  An SVP of 2 is unskilled work, or work requiring "little or no judgment to do simple duties that can be learned on the job in a short period of time."  See 20 C.F.R. §§ 404.1568(a), 416.968(a); SSR 00-4p, 2000 WL 1898704.

the VE asking him to assume person of Buckley's age, education, language and work history who could, lift, carry, push or pull 50 pounds occasionally, 25 pounds frequently, stand/walk six hours in an eight hour day, sit six hours in an eight hour day, occasionally climb, and frequently balance stoop, kneel, crouch and crawl[9] and inquiring whether such a person could do Buckley's past work.  Smith testified she could.  Even reducing the weight figures to 20 pounds occasionally and ten pounds frequently, and reducing climbing, balancing, stooping, kneeling, crouching and crawling to occasional rather than frequent, Smith testified the person still could do Buckley's past work. [11, pp. 62-64]  On November 4, 2014, ALJ Wallis issued a nine-page decision finding Buckley not disabled.  [11, pp. 27-35]  On May 26, 2015, the Appeals Council denied review of that decision [11, pp. 5-8], and Buckley sought judicial review in this Court.

Standard of Review

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether substantial record evidence supports the Commissioner's factual findings, and whether such findings are reached through the application of correct legal standards.  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance.  *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  The Court reviews the entire record to determine whether substantial evidence supports the Commissioner's decision.  *Villa*, 895 F. 2d at 1022.  Credibility of witnesses and conflicts in the evidence are issues for resolution

---

[9]These are Buckley's limitations from severe unspecified arthropathies, degenerative disc disease and osteoarthrosis and residual functional capacity as found by Glenn James, M.D., and Disability Examiner Jamie Walton on November 7, 2013, and by Karen Hulett, M.D., and Disability Examiner Kevin Dudley on December 10, 2013.  [11, pp. 66-73, 74-82, 86-94, 95-103]

by the Commissioner, not the Court.  It is not the Court's prerogative to substitute its judgment for that of the Commissioner or to re-weigh the evidence.  *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007); *Harris*, 209 F.3d at 417 (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995));  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)(a finding of "no substantial evidence" is appropriate only if no credible evidentiary choices or medical findings support the decision); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  Factual findings supported by substantial record evidence are conclusive and must be upheld.  *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000); *Martinez v.  Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  The Court may reverse a decision of the Commissioner if it is based upon faulty legal analysis, but should accept the Commissioner's legal conclusions if they are within reasonable meanings of the statutory or regulatory language.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 841-44 (1984).  Absent a finding that the decision is unsupported by substantial evidence or that the Commissioner applied an incorrect legal standard, the Court must affirm the Commissioner's decision [*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)]; the decision of the Commissioner decision is accorded great deference and "will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the ... decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

<u>Analysis</u>

The Social Security Act defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..."  42 U.S.C.A. § 423(d)(1)(A).  As the one claiming

disability, Buckley had the burden to prove a disability which precluded her from engaging in substantial gainful work during the pendency of her applications for benefits. *Masterson v. v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) ("suffering of some impairment does not establish disability; a  claimant is disabled only if [she] is 'incapable of engaging in *any* substantial gainful activity'").

ALJ Wallis applied the correct law for determining disability – following the five-step sequential evaluation process set out at 20 C.F.R. §§ 404.1520(a)(4),  416.920(a)(4)(i-v).  The party claiming disability has the burden of proof at the first four steps of the evaluation process. *Leggett*, 67 F.3d at 564; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  Step one requires determination of whether the claimant is engaging in substantial gainful activity, *i.e.*, work that involves significant physical or mental activities and is usually done for pay or profit. Judge Wallis found Buckley had not engaged in such activity since March 29, 2013.  At step two the ALJ determines whether claimant has a medically determinable impairment or combination of impairments which meets the duration requirement and is severe, *i.e.*, which significantly limits her ability to perform basic work activities.  ALJ Wallis found Buckley has severe impairments of a disorder of the back, degenerative joint disease, high blood pressure and obesity.  Due to the lack of objective documentation of treatment or diagnosis by an acceptable medical source regarding Buckley's claimed heart attack in the past, the ALJ found that condition "cannot be medically determined." [11, p. 30]

Step three requires determination of whether the claimant's impairment or combination of impairments is of such severity that it meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Unless the impairment or combination of

impairments is of such severity and meets the duration requirement, the analysis continues to step four.  The ALJ found Buckley does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  Her orthopedic impairments failed to meet Listing 1.02 (major dysfunction of joints) because they were not shown to have the requisite gross anatomical deformity and chronic joint pain and stiffness with signs of limitation or other abnormal motion of the affected joint(s)), accompanied by findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, along with an inability to effectively ambulate.  Buckley's knee x-rays revealed only moderate joint effusion with mild osteoarthritis, and her medical records consistently note her normal gait and range of motion. [11, pp. 314-316, 326-328, 418-419, 425-426, 404, 408, 284]  Her physician noted some swelling of her left knee on October 18, 2013, but no joint instability in either of her knees. [11, pp. 404, 408]

Buckley's back disorder did not meet Listing 1.04 (disorders of the spine) because there was no record evidence of nerve root impingement or nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight leg raising for lower back involvement.  Medical sources describe her gait as normal, and indicate she had normal muscle tone, bulk and strength on motor examination. [11, p. 404, 408] The ALJ also found Buckley did not meet Listing 4.02 (chronic heart failure) or 4.04 (ischemic heart disease) due to lack of medical evidence-clinical, laboratory or radiographic findings- to establish same, nor did the record establish that her obesity prevented ambulation, reaching, orthopedic and postural maneuvers.  In December 2012, an EKG showed normal rhythm and intervals; a later EKG showed regular heart rate and rhythm, no respiratory distress, no murmurs, rubs or gallops and Buckley emphatically denied chest pain

or shortness of breath.  [11, pp. 350, 308]  Even Buckley stated her heart problem does not keep her from working.  [11, pp. 235]

At the fourth step of the evaluation, the ALJ must determine (1) the claimant's residual functional capacity, *i.e.*, her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments, and (2) whether she has the residual functional capacity to perform the requirements of her past relevant work.  If the claimant can perform the requirements of her past relevant work, she is not disabled.  Based on all the record evidence, including the testimony of the VE, the ALJ found even with her severe impairments, Buckley remained able to perform her past work, and was therefore not disabled under the Social Security Act.  Considering the entire record, ALJ Wallis found Buckley retained the residual functional capacity (RFC) to lift, carry, push and pull up to twenty pounds occasionally and ten pounds frequently; to stand/walk six hours in an eight hour work day and sit a like period of time; to occasionally climb, balance, stoop, kneel, crouch and crawl.  And Buckley herself stated her attention span is "great," she has no problem following spoken instructions, dealing with authority figures or changes in routine, and she can deal with stress.  [11, pp. 243, 245]

In making his finding regarding Buckley's RFC, the ALJ carefully evaluated the record evidence, identifying and explaining his reasons for the weight given to particular evidence. ALJ Wallis noted Buckley's multiple pain complaints,[10] the significant gaps in her treatment history and infrequent trips to the doctor,[11] her unilateral decision not to take prescribed medications,[12] and the lack of any long-term or permanent restrictions from treating or

---

[10]Medical records document complaints of hand, arm, leg, knee, foot, chest and jaw pain.

[11]She "has not received any treatment for her allegedly disabling conditions in over a year." [11, p. 33]

[12]Some medical records indicate Buckley was not taking any medications. [11, pp. 327, 338, 362, 282]  A February 11, 2013 ER record notes she has not been taking her blood pressure medications. [11, p. 288]

examining sources, as well as medical records indicating normal extremity range of motion, muscle strength, deep tendon reflexes, a normal gait and only intermittent trace to mild swelling of her knees.  These findings are based on substantial record evidence, and support the ALJ's finding that Buckley's assessment of her limitations was greater than that indicated by other evidence, and largely unsubstantiated by objective medical tests or findings.  The record contains no lasting restrictions recommended by a treating doctor.

The parties agree that denial of a disability claim at step four must include findings of fact of the claimant's RFC, the physical (and mental, if applicable) demands of her past work, and whether her RFC would permit a return to her past work. [14, p. 3], [17, p. 5]  However, it appears to be Buckley's contention that the ALJ's finding her capable of performing her past relevant work as a housekeeper is contrary to law for lack of specific details regarding how Buckley performed her work in the past.  The Court finds no merit in this contention.  ALJ Wallis made the requisite finding of fact as to Buckley's RFC.  The VE considered Buckley's age, education, work history and RFC, and opined that Buckley could still do the work of a housekeeper as classified by the Dictionary of Occupational Titles No. 323.687-014, light exertional level (up to 20 pounds occasionally, 10 pounds frequently) with an SVP of 2, *i.e.*, the job "requires a short demonstration up to and including one month" to learn.

> The Dictionary of Occupational Titles (DOT) descriptions can be relied upon–for jobs that are listed in the DOT – to define the job as it is *usually* performed in the national economy.
>
> ***
>
> [A] claimant will be found to be "not disabled" when it is determined that ... she retains the RFC to perform:
> 1. The actual functional demands and job duties of a particular past relevant job; *or*
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

---

And she testified she has stopped taking medications on her own.  [11, pp. 51-52]

SSR 82-61 (S.S.A.) 1982 WL 31387 (1982).  Contrary to Buckley's argument that the ALJ used a "broad generic, occupational classification" of her past work, the decision in this case leaves no doubt that Judge Wallis based his decision on the specific DOT job description and the testimony of the VE in making his finding that with her RFC, Buckley could "perform her past relevant work as a housekeeper *as the job is generally performed*."  [11, pp. 34-35]  Buckley, who has been represented by counsel throughout the proceedings on her claims, presented no evidence that housekeeping, as she did it, differs from housekeeping as it is generally performed in the national economy, nor did she object to testimony regarding the classification of her past work, including the VE's testimony that her past work was as a housekeeper "DOT number ... 323.687-014."  [11, p. 62]

The Court finds Buckley's contention that DOT listing 323.687-018 exceeds her RFC is immaterial.  This listing, a housecleaner job described as heavy work – exerting 50-100 pounds of force frequently, 10-20 pounds constantly, is mentioned nowhere in the record in Buckley's case.  The ALJ made no finding that Buckley's past work was heavy work; VE Smith specifically testified her past work was as a housekeeper, *DOT number 323.687-014, light*, unskilled work, and in answer to the ALJ's hypothetical the VE testified Buckley could still do that work, and the ALJ properly relied on that testimony in reaching the conclusion that Buckley is not disabled under the Act.  [11, pp. 62, 334-335]  The VE's testimony, based on a properly phrased hypothetical question, constitutes substantial evidence.  *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).  The Court affirms the ALJ's decision as it is supported by substantial evidence and in accord with relevant legal standards.  A separate judgment will be entered.

SO ORDERED, this the 9th day of March, 2017.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE